IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOSEPH KENNARD SHELTON,               )
                                      )
                  Plaintiff,          )
                                      )
            v.                        )        1:17CV327
                                      )
STEPHEN T. INMAN,                     )
                                      )
                  Defendant(s).       )


ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Joseph Kennard Shelton, submitted a pro se complaint under Bivens v. Six

Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and requests

permission to proceed in forma pauperis pursuant to 28 U.S.C. § l915(a).  Plaintiff names

Stephen T. Inman, an Assistant United States Attorney who prosecuted Plaintiff for bank

robbery and armed bank robbery in this Court, as the only Defendant in the case.  Plaintiff

alleges that Inman violated Plaintiff's rights through a discovery agreement with Plaintiff's

defense counsel which did not allow defense counsel to provide Plaintiff with copies of the

discovery materials in his case.  Plaintiff contends that this agreement hid DNA and

fingerprint testing results from him, although he does not further describe that evidence or

claim that any such evidence remained hidden from his attorney.  As relief, Plaintiff seeks

a declaration that he had the right to examine the evidence, an order that Defendant now

produce the evidence, and monetary relief.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts

available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). In making such findings, this Court may "apply common sense." Nasim, 64 F.3d at 954.

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

The final ground for dismissal under 28 U.S.C. § 1915A(b)(2) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity). Cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous, because it fails to state a claim on which relief may be granted, and because it seeks monetary damages from a defendant with immunity from such relief.

As an initial matter, the Court notes that it appears that Plaintiff is attempting to undermine his convictions for bank robbery, particularly with his requests for declaratory and injunctive relief. Plaintiff may not proceed in that fashion without first showing that such convictions were reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of

a writ of habeas corpus. <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Plaintiff fails to do so and, therefore, dismissal is proper to the extent Plaintiff seeks to undermine his convictions.

Next, the application of the appropriate statute of limitations is an affirmative defense that the Court may consider in this context. <u>See</u> <u>Eriline Co. S.A. v. Johnson</u>, 440 F.3d 648, 655-56 (4th Cir. 2006) (citing <u>Nasim</u>, 64 F.3d at 955). The statute of limitations in this case is three years. <u>See</u> <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999) ("[B]ecause there is no statute of limitations for <u>Bivens</u> actions, the district court correctly looked to [state] law."); <u>Brooks v. City of Winston Salem</u>, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury). A plaintiff's cause of action accrues, and the statute of limitations runs, from the date on which he "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." <u>Nasim</u>, 64 F.3d at 955.

Plaintiff went to trial and was convicted in March of 2012. He states in his Complaint that he first sought DNA and fingerprint testing results during his trial. He would, therefore, have known at the time of his conviction whether or not he had received those results. It is true that Plaintiff may not have had actual knowledge of the discovery agreement between his defense attorney and Defendant at that time. However, he knew whether or not he had seen the requested evidence and reasonable inquiry would have revealed the agreement. As the Court explained to Plaintiff on multiple occasions in relation to his previous filings, the discovery agreement was not a secret, nefarious, or improper agreement. The agreement he

describes is the open file policy of the United States Attorney's Office in this District, which has been in place for many years and is well-known to the Court and defense attorneys practicing before it. It is true that the policy prevents defense counsel from providing Defendants with copies of discovery. However, it does not, as Plaintiff believes, hide discoverable information from the defense during criminal trials. In any event, Plaintiff's current filing is barred by the applicable statute of limitations.

Even if not barred by Heck or the statute of limitations, Plaintiff's claim still fails for other reasons. Bivens actions are almost always subject to the same principles which govern actions brought pursuant to 42 U.S.C. § 1983. See Carlson v. Green, 446 U.S. 14 (1980). Thus, principles of immunity applicable to § 1983 also apply to Bivens actions. Ehrlich v. Giuliani, 910 F.2d 1220 (4th Cir. 1990); Lyles v. Sparks, 79 F.3d 372, 376 n.4 (4th Cir. 1996). Applicable here, prosecutors have absolute immunity for their participation in the judicial process. Buckley v. Fitzsimmons, 509 U.S. 259 (1993). Therefore, Plaintiff cannot sue Assistant United States Attorney Inman for damages and his request for damages should be dismissed.

Plaintiff does request injunctive and declaratory relief which may not be barred by prosecutorial immunity, but his request for this relief is still not proper. Plaintiff first asks the Court to issue a declaratory judgment stating that he "had the right to examine and copy DNA/Fingerprint Examination." (Docket Entry 2, § VI.) However, declaratory relief is prospective in nature and not a declaration of past violations. See Mendia v. Garcia, 165 F. Supp. 3d 861, 894 (N.D. Cal. 2016); Michtavi v. Scism, No. 1:12-cv-1196, 2013 WL 37643

(M.D. Pa. Jan. 30, 2013) (unpublished). Declaratory relief of past violations would provide Plaintiff with no actual relief at all. Further, Plaintiff points to nothing to indicate that he had a right to examine or copy the evidence against him. He did have a right to have that information provided to defense counsel if it was favorable to him under <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963) and subsequent related cases, but the open file policy provided for just such disclosure. In fact, it allowed disclosure of even more information to defense counsel. Therefore, Plaintiff's request for declaratory relief is not proper.

Finally, Plaintiff's request for injunctive relief should also be dismissed. Plaintiff seeks to have the Court order Defendant to turn over copies of any DNA or fingerprint evidence to him. However, Plaintiff states no facts showing that he has a right to view that evidence at this time. As just noted, there is a right to discovery as to certain information in ongoing criminal cases. However, Plaintiff's criminal case ended several years ago, as did his attempt at collateral review under 28 U.S.C. § 2255. Plaintiff has since filed subsequent attempts at collateral review, but the Court has rejected all of them as second or subsequent attempts at filing under § 2255 for which he must receive permission from the United States Court of Appeals for the Fourth Circuit. To date, Plaintiff has not procured that permission. Should he do so in the future, he would then have an opportunity to move for discovery in that action under Rule 6 of the Rules Governing Section 2255 cases if he can meet the standards set out therein. However, he currently has no legal basis for reviewing the materials sought through a suit under <u>Bivens</u> and his request for injunctive relief is improper.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $26.67. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $26.67.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of May of 2017, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous or malicious or for failing to state a claim upon which relief may be

granted, as well as for seeking monetary relief against a defendant who is immune from such relief.

This, the 25th day of April, 2017.


_____/s/ L. Patrick Auld_____
**L. Patrick Auld**
**United States Magistrate Judge**